UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES RUSSELL KNOX,

               Petitioner,

     v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C16-5502 BHS
CR08-5828BHS

ORDER GRANTING
PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR
CORRECT SENTENCE

This matter comes before the Court on Petitioner James Russell Knox's ("Knox")

motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. BACKGROUND

On February 17, 2009, Knox pled guilty to unarmed bank robbery in violation of

18 U.S.C. § 2113(a). CR08-5828, Dkts. 37, 38. The Court adopted the findings of the

Presentence Report ("PSR") that Knox's offense of unarmed bank robbery and his

previous offense of armed bank robbery under 18 U.S.C. §2113(a) and (d) qualified as

"crimes of violence" under U.S.S.G. § 4B1.2(a). The Court therefore calculated Knox's

1  Sentencing Guidelines range as 151–188 months imprisonment. On May 18, 2009, the

2  Court sentenced Knox to 168 months of imprisonment. *Id.*, Dkts. 44, 45.

3      On June 18, 2016, Knox filed the instant petition. Dkt. 1. Knox argues that his

4  sentence was improperly enhanced under the career offender residual clause of U.S.S.G.

5  § 4B1.2(a)(2) and seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015),

6  and *Welch v. United States*, 136 S. Ct. 1257 (2016). *Id.* On October 17, 2016, the

7  Government responded. Dkt. 9. On November 16, 2016, Knox replied. Dkt. 10.

8                              **II. DISCUSSION**

9  **A.    Procedural Bars**

10     The Government argues that Knox's § 2255 petition is procedurally barred on the

11  grounds that (1) the petition is untimely, (2) Knox procedurally defaulted his argument

12  that unarmed robbery is not a crime of violence, and (3) Knox waived his right to

13  collaterally attack his sentence. *See* Dkt. 9 at 6–11.

14     The petition is timely. A § 2255 motion is timely if filed within one year from "the

15  date on which the right asserted was initially recognized by the Supreme Court, if that

16  right has been newly recognized by the Supreme Court and made retroactively applicable

17  to cases on collateral review." 28 U.S.C. §2255(f)(3). This Court has previously stated

18  that "*Johnson* announced a new substantive rule and substantive rules may be

19  retroactively applied to collaterally attack the career offender residual clause of the

20  Sentencing Guidelines." *Gibson v. United States*, C15-5737 BHS, 2016 WL 3349350, at

21  *2 (W.D. Wash. June 15, 2016). *Johnson* was decided on June 26, 2015. 135 S. Ct. 2551.

22  Knox filed his petition less than a year later, on June 18, 2016. Dkt. 1.

1    Knox has not procedurally defaulted his claim. "[T]o obtain collateral relief based

2    on trial errors to which no contemporaneous objection was made, a convicted defendant

3    must show both (1) 'cause' excusing his double procedural default, and (2) 'actual

4    prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456

5    U.S. 152, 167–68 (1982). At the time of Knox's conviction, his present argument, that the

6    career offender residual clause of the Guidelines is unconstitutionally vague, was

7    sufficiently novel "that its legal basis [was] not reasonably available to counsel." *Reed v.*

8    *Ross*, 468 U.S. 1, 16 (1984). *See Gilbert v. United States*, C15-1855 JCC, 2016 WL

9    3443898, at *3 (W.D. Wash. June 23, 2016). The application of the career offender

10   residual clause resulted in a higher Sentencing Guidelines range calculation than Knox

11   would have otherwise received. "[W]hen a Guidelines range moves up or down,

12   offenders' sentences move with it." *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013).

13   Accordingly, Knox can demonstrate both cause and prejudice.

14          Finally, when Knox entered his plea agreement, he did not waive his right to

15   collaterally attack his sentence based on these grounds. If Knox's Sentencing Guidelines

16   calculation was based on the career offender residual clause, then his sentence violates

17   the law; therefore, his appellate waiver does not apply. *United States v. Bibler*, 495 F.3d

18   621, 624 (9th Cir. 2007); *O'Leary v. United States*, C16-5531 BHS, 2016 WL 6650998,

19   at *1 (W.D. Wash. Nov. 10, 2016); *Dietrick v. United States*, No. C16-705 MJP, 2016

20   WL 4399589, at *2 (W.D. Wash. Aug. 18, 2016); *Gilbert v. United States*, Case No. 15-

21   cv-1855-JCC, 2016 WL 3443898, at *2 (W.D. Wash. June 23, 2016).

22

1  **B.      Sentencing Guidelines**

2       Knox argues that his sentence is unconstitutional on the basis that it was enhanced

3  under the career offender residual clause in U.S.S.G. § 4B1.2(a)(2). At sentencing, the

4  Court found Knox to be a career offender under the Sentencing Guidelines. This finding

5  was based on Knox's previous conviction of armed bank robbery and his present

6  conviction of unarmed bank robbery. In applying the career offender guideline, the Court

7  cited U.S.S.G. § 4B1.2(a) but failed to specify under which specific clause Knox's

8  conviction of unarmed bank robbery qualified as a "crime of violence."

9       When determining whether previous offenses are predicates under U.S.S.G.

10  § 4B1.2(a), courts may rely upon the enumerated offenses, the "elements clause," or the

11  "residual clause." The elements clause provides:

12          The term "crime of violence" means any offense under federal or
state law, punishable by imprisonment for a term exceeding one year, that
13  *. . . has as an element the use, attempted use, or threatened use of physical
force against the person of another.*

14  U.S.S.G. § 4B1.2(a)(1) (emphasis added). In turn, the residual clause and the enumerated

15  offenses are set forth as follows:

16          The term "crime of violence" means any offense under federal or
state law, punishable by imprisonment for a term exceeding one year,
17  that *. . . is burglary of a dwelling, arson, or extortion, involves use of
explosives, or otherwise involves conduct that presents a serious potential
18  risk of physical injury to another.*

19  U.S.S.G. § 4B1.2(a)(2) (emphasis added). The parties dispute whether Plaintiff's

20  conviction for unarmed bank robbery may qualify as a "crime of violence" under the

21  elements clause or as an enumerated offense. If not, then the Court more likely than not

22

1 enhanced Knox's sentence under the residual clause, meaning Knox is entitled to relief

2 under *Johnson*, 135 S. Ct. 2551, and *Welch v. United States*, 136 S. Ct. 1257.

3       The parties' arguments on these questions are identical to those made before Judge

4 Coughenour in *Doriety vs. United States*, 2:16-cv-00924-JCC, Dkt. 12 (W.D. Wash.

5 2016). In *Doriety*, Judge Coughenour determined that unarmed federal bank robbery does

6 not qualify as a crime of violence under the elements clause because: (1) the federal

7 unarmed bank robbery statute does not explicitly require that a defendant intentionally

8 use force, violence, or fear of injury; (2) federal bank robbery may be committed through

9 "intimidation" which does not require a threat of violent physical force, *see United States*

10 *v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983), and *United States v. Parnell*, 818 F.3d

11 974, 980 (9th Cir. 2016); and (3) the minimum culpable conduct for a conviction of

12 federal unarmed bank robbery does not require the presence of another person. *Doriety*,

13 2:16-cv-00924-JCC, Dkt. 12 at 9. Under the same logic articulated in Judge

14 Coughenour's well-reasoned opinion, the Court likewise concludes that federal unarmed

15 bank robbery does not qualify under the elements clause as a "crime of violence."

16       The Court also rejects the Government's argument that federal unarmed bank

17 robbery is an enumerated offense. Generic robbery was not an enumerated offense at the

18 time of Knox's conviction. Even if it was, federal unarmed bank robbery sweeps more

19 broadly than generic burglary. *Doriety*, 2:16-cv-00924-JCC, Dkt. 12 at 10. *See also*

20 *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

21       Because federal unarmed bank robbery does not qualify as a "crime of violence"

22 under the elements clause or as an enumerated offense, it is likely that the Court relied

1   upon the career offender residual clause in imposing a sentence of 168 months

2   imprisonment. *See Doriety*, 2:16-cv-00924-JCC, Dkt. 12 at 9–10. Had the Court not done

3   so, it appears that Knox's revised guidelines range would have been 51–63 months.

4   Accordingly, Knox has shown that he has suffered prejudice from an unconstitutional

5   sentence and that he is entitled to relief.

6                                    **III. ORDER**

7          Therefore, it is hereby **ORDERED** that Knox's motion to vacate, set aside or

8   correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED**. The Court

9   **VACATES** the judgment in *United States v. Knox*, 3:08-cr-05828-BHS, Dkt. 45. The

10  parties shall work with the Clerk to schedule an expeditious resentencing in the criminal

11  case. The Clerk shall close this case.

12         Dated this 24th day of January, 2017.

13

14                                          _____

15                                          BENJAMIN H. SETTLE
                                            United States District Judge

16

17

18

19

20

21

22